UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE

CIVIL ACTION NO. 12-34-C

MICHAEL BELLE,                                                                                          PLAINTIFF,

V.                           MEMORANDUM OPINION & ORDER

INSIGHT COMMUNICATIONS COMPANY, L.P., et al.                    DEFENDANTS.

* * * * * * * * * *

The defendants, Insight Communications Company L.P. and Vonda Czapor, removed this case on the basis of diversity of citizenship from Jefferson Circuit Court on January 17, 2012. The defendants have satisfied their burden to establish that the jurisdictional amount in controversy "more likely than not" exceeded $75,000 at the time of removal. *See* R.10. Pending before the court are four motions: the defendants' motion to dismiss the complaint (R.4), Belle's motion to remand (R.6), the defendants' construed motion to dismiss Czapor as a party in this case due to fraudulent joinder (R.7); and Belle's motion to file an amended complaint (R.17). For the following reasons, the court concludes that Czapor was not fraudulently joined in this matter; therefore, complete diversity is lacking, and this case will be remanded to Jefferson County Circuit Court.

Belle has alleged a claim against Czapor, his former supervisor at Insight, for retaliation under the Kentucky Civil Rights Act (KCRA), KRS § 344.010, *et. seq*. On March 27, 2012, after this case was removed and in response to the defendants' motion to dismiss, Belle moved for leave to amend his complaint. In that amended complaint, Belle clarified his retaliation claim against Czapor, offering

1

more specific allegations in support of that claim. He experienced racial comments about his voice, he was forced to eat after his Caucasian co-workers, and he generally experienced racial bias in the workplace. *See* R. 17, Exhibit 2 at 3-4. Belle alleges that he complained about this discriminatory conduct to Czapor and his employer and that afterward he was treated differently. As a result of his complaints, Belle alleges, he was denied promotions and Czapor made false disciplinary statements about him, resulting in his termination from Insight.

As an initial matter, the court considers whether an amended complaint, filed post-removal, can be considered in a fraudulent joinder and jurisdiction analysis. Generally, when an action is removed, the court determines whether diversity exists at the time of removal. *Pullman Co. v. Jenkins*, 305 U.S. 534, 537 (1939); *Coyne v. Am. Tobacco Co.*, 183 F.3d 488, 492 (6th Cir. 1999). However, in a fraudulent joinder analysis the court may look beyond the pleadings and examine such documents as affidavits and deposition testimony to assess challenged facts. *See Gentek Bldg Prods., Inc. v. Steel Peel Litigation Trust*, 491 F.3d 320, 330 (6th Cir. 2007). The additional document here is a proposed amended complaint.

Belle sought leave to amend his complaint in order to clarify his claim for retaliation against his supervisor Czapor. Leave to amend a complaint "should be freely given when justice so requires." Fed. R. Civ. Pro. 15(a). The court will grant such leave because the amended complaint seeks to clarify the existing retaliation claim against Belle, rather than to add new parties or a new cause of action. *Compare Davis v. Gen. Motors Corp.*, 353 F. Supp.2d 1203 (M.D. Ala. 2005)(permitting plaintiffs to amend their complaint pursuant to Fed. R. Civ. Pro.

15(a) after removal to clarify existing claims), *with Anderson v. Merck*, 417 F.Supp.2d 842 (E.D. Ky. 2006)(declining to consider post-removal amended complaint that would assert a new cause of action). Therefore, the court will grant Belle leave to file the amended complaint and will consider his allegations of retaliation in determining whether Czapor was fraudulently joined for the purpose of defeating diversity jurisdiction.

Insight, as the removing party, has the burden to demonstrate that Czapor was fraudulently joined. *See Jerome-Duncan, Inc. v. Auto-By-Tel, L.L.C.*, 176 F.3d 904, 907 (6th Cir. 1999)(finding that the removing party "may avoid remand only by demonstrating that the non-diverse party was fraudulently joined."). To establish fraudulent joinder, Insight must show that Belle has "no colorable cause of action" under the relevant state law against Czapor. *See Saginaw Hous. Comm'n v. Bannum, Inc.*, 576 F.3d 620, 624 (6th Cir. 2009)(citing *Coyne v. Am. Tobacco Co.*, 183 F.3d 488, 493 (6th Cir. 1999)). If there is a "colorable basis" for predicting that a plaintiff may recover against non-diverse defendants then remand is appropriate. *Alexander v. Elec. Data Sys., Corp.*, 13 F.3d 940, 949 (6th Cir. 1994). The court is to resolve all disputed questions of fact and ambiguities in favor of the non-removing party, and all doubts are resolved in favor of remand. *Id.*

Belle has stated a colorable claim against Czapor for retaliation under Kentucky state law. To prevail on such a claim, Belle must demonstrate: (1) that he engaged in an activity protected by the KCRA; (2) this activity was known to his employer; (3) he suffered an adverse employment action; and (4) a causal

connection exists between the protected activity and the adverse action. *Brooks v. Lexington-Fayette Urban Housing Authority*, 132 S.W.3d 790 (Ky. 2004).

According to Belle, shortly after he began employment at Insight he experienced discriminatory and harassing behavior and comments from Czapor. He describes racial comments about his voice and being forced to eat after Caucasian co-workers. He was subjected to discrimination and retaliation, including the denial of promotions, wrongful discipline by Czapor, and ultimately his termination from Insight. Belle has alleged that he engaged in an activity protected by the KCRA — that he reported and complained about the discrimination to Czapor. When an employee communicates to his employer a belief that the employer has engaged in employment discrimination, that communication virtually always constitutes protected activity. *Crawford v. Metro. Gov. of Nashville and Davidson County, TN.*, 555 U.S. 271, 276 (2009)(internal citations omitted).

As to the other three elements, Belle has alleged a colorable basis for retaliation in his amended complaint. The court will infer that Czapor was aware of the protected activity because Belle states that he reported the discriminatory conduct to Czapor. In addition, as Belle's supervisor, Czapor had the power to "hire, fire, and otherwise discipline" Belle. Belle claims that he suffered adverse employment action, including the denial of promotions and ultimately the termination of his employment from Insight. Finally, a "causal connection" exists between the protected activity and the adverse action. Belle states that he reported the conduct to Czapor beginning in April 2010 and continuing until the date of his termination. Evidence of retaliation coupled with temporal proximity to

4

the adverse action is enough to establish such a connection. *See Little v. BP Exploration & Oil Co.*, 265 F.3d 357, 363-64 (6th Cir. 2007)(concluding that temporal proximity considered with "other evidence of retaliatory conduct" is sufficient to establish a causal connection). Clearly, a colorable basis for retaliation exists against Czapor. The defendants have failed to meet the stringent standards to establish fraudulent joinder. Thus, complete diversity is lacking, and the court must remand this case to Jefferson County Circuit Court. Accordingly,

**IT IS ORDERED** that Belle's motion for leave to amend his complaint (R. 17) is **GRANTED** and his attached complaint shall be **FILED** in the record.

**IT IS FURTHER ORDERED** that Belle's motion to remand (R. 6) is **GRANTED**.

**IT IS FURTHER ORDERED** that all other pending motions are **DENIED AS MOOT** and this case is **STRICKEN** from the court's active docket.

Signed on June 15, 2012

Jennifer B. Coffman, Judge
United States District Court